United States District Court
Southern District of Texas
**ENTERED**
September 19, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| N.H.M., | § | |
| *Plaintiff,* | § § § § | |
| v. | § | Civil Action No. 4:24-cv-03634 |
| Commissioner of Social Security, | § § § § | |
| *Defendant.* | § § | |

## ORDER ON ATTORNEYS' FEES

Plaintiff N.H.M. filed an unopposed motion requesting an award of attorneys' fees incurred for prosecuting a successful appeal of the Social Security Administration's adverse ruling under 42 U.S.C. § 405(g). Dkt. 21, 22. As addressed below, Plaintiff's motion is granted.

## Analysis

The Equal Access to Justice Act ("EAJA") authorizes a plaintiff to recover reasonable attorneys' fees after successfully appealing a decision by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). To recover those fees, a plaintiff must establish: (1) that he is the prevailing party; (2) that he timely filed a fee application; (3) the Government's position was not substantially justified; and (4) no special circumstances would make a fee award

unjust. *See Reese v. Saul*, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing, *inter alia*, 28 U.S.C. § 2412(d)(1)(A)-(B)).

Plaintiff is the prevailing party. This is because the Court granted the Commissioner's motion to reverse the decision denying benefits and remand this case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* Dkt. 19 (motion); Dkt. 20 (order); *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) (reversal and remand pursuant to 42 U.S.C. § 405(g) confers a plaintiff with prevailing party status).

Plaintiff also timely filed the motion for attorneys' fees within thirty days of the date the judgment became final. *See* 28 U.S.C. § 2412(d)(1)(B) (30-day deadline from final judgment); *id.* § 2412(d)(2)(G) (defining "final judgment" as "a judgment that is final and not appealable"); Fed. R. App. P. 4(a)(1)(B) (60-day deadline for notice of appeal when a federal agency is a party); Dkt. 20 (April 24, 2025 remand order); Dkt. 21 (July 23, 2025 motion). Nothing indicates that the Commissioner's position was substantially justified or that any special circumstances would make a fee award unjust. An award of fees under the EAJA is therefore proper.

Next, the Court reviews counsel's number of hours worked and the requested hourly rate. Plaintiff seeks recovery for (a) 3.1 attorney hours from 2024, at an hourly rate of $242.23; and (c) 16.6 hours worked in 2025, at a rate of $244.55/hour. *See* Dkt. 22 at 2; Dkt. 22-2 at 2-4. Plaintiff also seeks

reimbursement for 5.7 paralegal hours, at an hourly rate of $100.00. Dkt. 22 at 2; Dkt. 22-4 at 2.

Plaintiffs' total of 19.7 attorney hours falls at the low end of the standard range for Social Security appeals. *See, e.g., Thomas H. v. Kijakazi*, 2023 WL 5191950, at *2 (S.D. Tex. Aug. 10, 2023) (twenty- to forty-hour range). Billing records also reflect that paralegals' hours are reimbursable as legal, rather than clerical, work. *See id.* ("Paralegal work can only be recovered as attorney's fees if the work is legal rather than clerical.") (quoting *Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001)); Dkt. 22-4.

Counsel's requested hourly rates ($242.23 for 2024, and $244.55 for 2025) exceed the EAJA rate of $125, which was last amended in 1996. Those rates also marginally exceed the adjusted rates in this area ($240.19 for 2024 and $243.69 for 2025) that account for cost-of-living increases.[1] *See Nash v. Colvin*, 2025 WL 871623, at *2 (S.D. Tex. Mar. 20, 2025) (CPI-adjusted rate for 2024 is $240.19).

---

[1] The full CPI chart for the Houston-The Woodlands-Sugar Land, Texas area is available on the U.S. Bureau of Labor Statistics' website. *See Databases, Tables & Calculators by Subject*, U.S. Bureau of Lab. Stat., https://perma.cc/32FL-8NDR. Because there is no published CPI yet for all of 2025, the Court will use the figure for the first half of this year. That figure (276.825) is 94.95% higher than the local CPI of 142.00 in 1996. So the adjusted hourly rate is $243.69 (*i.e.*, $125 x 1.9495) for services provided in 2025.

3

Applying the local CPI-adjusted rates ($240.19 for 2024 and $243.69 for 2025) to the number of attorney-hours worked (3.1 hours in 2024 and 16.6 hours in 2025) yields a total of $4,789.84. To that sum would be added $570.00 for 5.7 hours of paralegal work at the facially reasonable rate of $100.00. That grand total ($5,359.84) is about the same as the amount ($5,380.44) Plaintiff has requested. The Court finds that $5,380.44 is a reasonable fee award in this case.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff N.H.M.'s motion for attorneys' fees (Dkt. 21) be **GRANTED**, and that Plaintiff be awarded $5,380.44 in reasonable attorneys' fees. It is further **ORDERED** that the award must be payable to Plaintiff, but Defendant may send the payment to Plaintiff's counsel.

Signed on September 19, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge